Benedicto Rollon SUSTAL, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Benedicto Rollon Sustal, Petitioner,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 10–72605, 11–71317.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2015.*

Filed March 13, 2015.

Gail Anne Dulay, Esquire, Law Office of
Gail A. Dulay, San Diego, CA, for Petition-
er.

Lauren Fascett, Anthony Cardozo
Payne, Senior Litigation Counsel, Oil, U.S.
Department of Justice, Washington, DC,
Chief Counsel Ice Office of the Chief
Counsel Department of Homeland Securi-
ty San Francisco, CA, for Respondent.

Before: PREGERSON and NGUYEN,
Circuit Judges, and CARR, Senior District
Judge.**

MEMORANDUM ***

Benedicto Sustal ("Sustal") petitions for
review of the Board of Immigration Ap-

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** The Honorable James G. Carr, Senior Dis-
trict Judge for the U.S. District Court for the

peals' ("BIA") decision affirming the Immi-
gration Judge's ("IJ") order finding him
removable. Sustal also appeals the BIA's
decision denying his motion to reconsider.
We have jurisdiction under 8 U.S.C.
§ 1252, and we affirm.

Sustal argues that the subsequent an-
nulment of his marriage should be given
retroactive effect so as to cure the viola-
tion at the time he filed his visa application
and entered the United States. Our case,
*Hendrix v. INS*, 583 F.2d 1102 (9th Cir.
1978), forecloses this claim for relief. We
held in *Hendrix* that "we are not obliged
to give retroactive effect to annulments so
as to cure a violation of law respecting
entry into the United States." *Id.* at 1103
(quoting *Matter of Wong*, 16 I. & N. Dec.
87, 89 (BIA 1977)); *see also Matter of
Astorga*, 17 I. & N. Dec. 1, 4 (BIA 1979)
("[M]arriages declared void at inception, or
annulled, will not relate back to cure a
ground of exclusion or deportation at the
time of entry where the alien entered the
United States in an immigrant status de-
pendent on his being unmarried."). Thus,
"[u]nless unusual circumstances dictate
that in the interest of justice retroactive
effect should be given an annulment, it is
the marital status *at the time of entry* that
should serve as the basis for one alien's
preferment over others under the quota
system." *Hendrix*, 583 F.2d at 1103 (em-
phasis added) (internal citation omitted);
*see also Matter of Magana*, 17 I. & N.
Dec. 111 (BIA 1979) (refusing to apply
relation back to cure entry fraud). No
such unusual circumstances are present
here.

Northern District of Ohio, sitting by designa-
tion.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Moreover, substantial evidence supports the IJ's determination that Sustal was married at the time of entry, and thus is removable as charged.

Finally, because Sustal failed "to address how the BIA abused its discretion by denying his motion to reopen and reconsider its decision," he has waived this issue. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

We therefore deny the petitions for review.

**DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.